## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**UNIFIED MESSAGING SOLUTIONS, LLC,**

<table>
<tr><td></td><td></td></tr>
<tr><td>Plaintiff,</td><td>CIVIL ACTION NO.</td></tr>
<tr><td>v.</td><td>JURY TRIAL DEMANDED</td></tr>
<tr><td><strong>CABLEVISION SYSTEMS CORP.,</strong></td><td></td></tr>
<tr><td>Defendant.</td><td></td></tr>
</table>

## ORIGINAL COMPLAINT

Unified Messaging Solutions, LLC ("Unified Messaging") files this Complaint against Cablevision Systems Corp., ("Defendant") for infringement of United States Patent Nos. 6,857,074 (hereinafter "the '074 patent"), 7,836,141 (hereinafter "the '141 patent"), 7,895,306 (hereinafter "the '306 patent"), 7,895,313 (hereinafter "the '313 patent") and 7,934,148 (hereinafter "the '148 patent" and, collectively with the '074 patent, the '141 patent, the '306 patent, and the '313 patent, the "Asserted Patents").

## THE PARTIES

1.      Unified Messaging is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Newport Beach, California and Frisco, Texas.

2.      Defendant Cablevision Systems Corp. is a Delaware corporation with a principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.  Defendant can be served via its registered agent, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement under Title 35 of the United States Code. Unified Messaging is seeking injunctive relief as well as damages.

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes, 35 U.S.C. § 101 *et seq.*

5.      Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant has committed acts of infringement in this district and/or is deemed to reside in this district. Venue is proper in the United States District Court for the District of Delaware for pretrial proceedings pursuant to 28 U.S.C. § 1407.

6.      This Court has personal jurisdiction over Defendant and venue is proper in this district because Defendant has committed, and continues to commit, acts of infringement in the State of Delaware, including in this district and/or has engaged in continuous and systematic activities in the State of Delaware, including in this district. With regard to pretrial proceedings, Defendant is subject to the United States District Court for the District of Delaware's specific and general personal jurisdiction pursuant to 28 U.S.C. § 1407.

## THE '074 PATENT

7.      Unified Messaging is the exclusive licensee of the '074 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '074 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '074 patent is attached as Exhibit A.

8.      Embodiments of the '074 patent are generally directed to storing a mark-up language file and delivering the file from a network server to a user's computer via a packet

2

switched data network using a hyper-text transfer protocol (HTTP).  The mark-up language file can include a sequence of mark-up language instructions that cause a browser executing on the user's computer to generate a user interface that provides a link to at least one message stored in a user-specific message storage area accessible by the network server, and that further provides information personal to the user.  The '074 patent further enables the transmission of a notification to a user's computer, wherein the notification serves to alert the user of the availability of the mark-up language file and, in response to a user request made in response to the notification, transmitting the mark-up language file from the network server to the user's computer, via the packet switched data network, using HTTP.

## THE '141 PATENT

9.      Unified Messaging is the exclusive licensee of the '141 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," and holds all substantial rights in the '141 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '141 patent is attached as Exhibit B.

10.     Embodiments of the '141 patent are generally directed to storing a message and delivering the message from a network server to a user's computer via a network using HTTP. The message is addressed to the user.  The '141 patent further provides for the storing of the message in an access- restricted, user-specific message storage area.  The '141 patent further provides for  the receiving of an HTTP access request containing an application layer address associated with the network server from a hyper-text browser executing on the user's computer, where the access request is indicative of a request by the user to gain access to the user-specific message storing area.  The '141 patent also provides for the making of a determination to grant or deny the access requests.  The '141 patent further enables the transmitting of a mark-up

3

language file from the network server to the hyper-text browser in response to the request, via the network, using HTTP, wherein the mark-up language file enables the hyper-text browser to generate a user interface through which a link to the message stored in the user-specific message storage area can be selected by the user.  The '141 patent also enables receiving, via the network, in accordance with HTTP, an indication that the user has selected the link corresponding to the message stored in the user-specific message storage area.  The '141 patent further provides for the transmitting the message to the hyper-text browser, via the network, in accordance with the hyper-text transfer protocol, in response to the indication.

### THE '306 PATENT

11.     Unified Messaging is the exclusive licensee of the '306 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '306 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '306 patent is attached as Exhibit C.

12.     Embodiments of the '306 patent are generally directed to delivering a message addressed to a user via a network server via a packet switched data network using HTTP.  The '306 patent further enables the receipt of a particular message wherein the particular message is addressed to a user; writing a particular link to the particular message into a mark-up language file; transmitting the mark-up language file from the network to an application program located on a client device associated with the user, via the packet switched data network, in accordance with HTTP, wherein by the time of transmitting, the mark-up language file contains links to a plurality of messages, including the particular link to the particular message, wherein further the application program generates a mailbox user interface in response to the mark-up language file to enable the user to browse the plurality of messages, and wherein further, the plurality of

4

messages are stored in a user associated storage area associated with the network server.  The '306 patent further provides that, in response to the user selecting the particular link via the mailbox user interface, the transmitting of the particular message to the user's client device in accordance with HTTP.

## THE '313 PATENT

13.    Unified Messaging is the exclusive licensee of the '313 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '313 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '313 patent is attached as Exhibit D.

14.    Embodiments of the '313 patent are generally directed to storing and delivering a message addressed to an intended recipient to the intended recipient's device.  The '313 patent further enables storing the message in a restricted access storage area associated with a network server.  The '313 patent provides that the network server can receive a request for access to the restricted access storage area from a browser program executing on the user device, over a network, via an HTTPD.  The '313 patent further provides that, in response to the request for access, the network server grants or denies the requested access, and in response to a grant of access, the network server transmits a mark-up language file to the user device, over the network, via the HTTPD.  The '313 patent enables the browser program to produce a mailbox user interface in response to the mark-up language file, where the mailbox user interface provides a hyper-text link which can be activated by the intended recipient to download the message from the remote storage and delivery system to the intended recipient's device, over the network.

**THE '148 PATENT**

15.     Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '148 patent is attached as Exhibit E.

16.     Embodiments of the '148 patent are generally directed to storing a mark-up language file and delivering the file from a network server to a user's computer via a packet switched data network using HTTP. The mark-up language file may be stored in a storage area accessible by the network server, wherein the file contains information personal to the user. A notification can then transmitted to the user's computer, wherein the notification serves to notify the user of the availability of the file.  In response to a user request made in response to the notification, the mark-up language file can then be transmitted from the network server to the user's computer, via the packet switched data network, using the HTTP.

**DEFENDANT'S ACTS**

17.     Defendant provides account services for its subscribers, accessible at least through its websites, http://www.cablevision.com/ and http://www.optimum.net/. Exemplary account      services      functionality      is      provided      at: https://amss.cbvprod.idahs.com/implCheckNonEbillResquestedFlowSwitchAction.do.

Defendant operates, makes, having made, offer for sale, sale, and/or uses the inventions described in the Asserted Patents by  storing, delivering, and managing messages through operation of their respective web-based communications service(s), including web-message services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

18.     Defendant has committed indirect infringement through its inducing and/or contributing to the infringements of its customers via storing, delivering, and managing messages through operation of Defendant's respective web-based communications service(s), including web-message services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).  Defendant has possessed knowledge of the '074 patent, the '141 patent, the '306 patent, the '313 patent, and the '148 patent since at least the time that Unified Messaging effected service of its Original Complaint.  Defendant has known or should have known that its actions would induce or contribute to actual infringement herein by its customers. Defendant has specifically intended for its customers to use Defendant's respective web-based communications service(s), including web-message services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s)  in a manner that infringes at least claim 1 of the '074 patent, the '141 patent, the '306 patent, the '313 patent, and the '148 patent by instructing and/or encouraging the customers to use Defendant's respective web-based communications service(s), including web-message services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 6,857,074)

19.     Unified Messaging incorporates paragraphs 1 through 18 herein by reference.

20.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

21.     The '074 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

22.     Defendant has directly infringed and continues to directly infringe one or more claims of the '074 patent in this judicial district and elsewhere in the United States, including at least claim 1, without the consent or authorization of Unified Messaging.

23.     Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

24.     On information and belief, Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

## COUNT II

## (INFRINGEMENT OF U.S. PATENT NO. 7,836,141)

25.     Unified Messaging incorporates paragraphs 1 through 18 herein by reference.

26.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

27.     The '141 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

28.     Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '141 patent in this judicial district and elsewhere in the United States, including at least claim 1, without the consent or authorization of Unified Messaging.

29.     Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

30.    On information and belief, Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,895,306)

31.    Unified Messaging incorporates paragraphs 1 through 18 herein by reference.

32.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

33.    The '306 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

34.    Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '306 patent in this judicial district and elsewhere in the United States, including at least claim 1, without the consent or authorization of Unified Messaging.

35.    Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

36.    On information and belief, Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 7,895,313)

37.    Unified Messaging incorporates paragraphs 1 through 18 herein by reference.

38.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

39.     The '313 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

40.     Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '313 patent in this judicial district and elsewhere in the United States, including at least claim 1, without the consent or authorization of Unified Messaging.

41.     Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

42.     On information and belief, Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

## COUNT V

## (INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

43.     Unified Messaging incorporates paragraphs 1 through 18 herein by reference.

44.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

45.     The '148 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

46.     Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '148 patent in this judicial district and elsewhere in the United States, including at least claim 1, without the consent or authorization of Unified Messaging.

47.     Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

48.     On information and belief, Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

## JURY DEMAND

Unified Messaging hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Unified Messaging requests that this Court find in its favor and against Defendant, and that this Court grant Unified Messaging the following relief:

a.      Enter judgment that one or more claims of the Asserted Patents has been infringed literally and/or under the doctrine of equivalents by Defendant;

b.      Enter judgment for Unified Messaging on this Complaint;

c.      Enter judgment that Defendant accounts for and pays to Unified Messaging all damages to and costs incurred by Unified Messaging because of Defendant's infringing activities and other conduct complained of herein;

d.      Award Unified Messaging damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

e.      Enter a permanent injunction enjoining Defendant and their offices, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing or inducing infringement of the Asserted Patents, or, in the alternative, judgment

11

that Defendant accounts for and pays to Unified Messaging a reasonable royalty and an ongoing post judgment royalty because of Defendant's past, present and future infringing activities and other conduct complained of herein;

f.      That Unified Messaging be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

g.      That Unified Messaging be granted such other and further relief as the Court may deem just and proper under the circumstances.

OF COUNSEL:

Andrew G. DiNovo
Jay D. Ellwanger
Stefanie T. Scott
DINOVO PRICE ELLWANGER &
HARDY, LLP
7000 N. Mopac Expy, Suite 350
Austin, Texas 78731
(512) 539-2631
adinovo@dpelaw.com
jellwanger@dpelaw.com
sscott@dpelaw.com

BAYARD, P.A.

/s/ Richard D. Kirk
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff Unified Messaging Solutions*